**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randall R. Bannister, Respondent,

v.

Sandra A. Bannister, Appellant.

Appellate Case No. 2012-213275

Appeal From Anderson County
Henry T. Woods, Family Court Judge

Unpublished Opinion No. 2014-UP-176
Heard March 5, 2014 – Filed April 23, 2014

**REVERSED AND REMANDED**

William Norman Epps, III, of Epps, Nelson & Epps, of Anderson, for Appellant.

Sarah Ganss Drawdy, of Byrholdt Drawdy, LLC, of Anderson, for Respondent.

**PER CURIAM:** Sandra Bannister (Wife) appeals the family court's order requiring Randall Bannister (Husband) to pay her $300 per month in permanent periodic alimony and $1,750 in attorney's fees. Wife argues the family court erred in (1) awarding her an insufficient amount of permanent periodic alimony and (2)

granting her an insufficient amount of attorney's fees, as well as denying her request for investigator and expert fees. We reverse and remand.

1.      We find the family court erred in awarding Wife $300 per month in permanent periodic alimony. Prior to the merits hearing, the parties submitted financial declarations to the family court. In Husband's financial declaration, he reported his monthly income as $2,016 and his total monthly expenses as $1,572. In Wife's financial declaration, she reported her monthly income as $965 and her monthly expenses as $1,820.50. At the merits hearing, the parties testified concerning their respective incomes and expenses. The family court's order awarded Wife $300 per month in permanent periodic alimony. The order stated this alimony award would result in Wife receiving monthly income of $1,355 and Husband receiving monthly income of $1,426. We are unable to reconcile the monthly incomes of Husband and Wife after alimony has been paid with the incomes and expenses reported in the record. Accordingly, we remand the award of alimony to the family court for clarification and recalculation. *See Butler v. Butler*, 385 S.C. 328, 342-43, 684 S.E.2d 191, 198 (Ct. App. 2009) (remanding the issue of Husband's entitlement to reimbursement for alimony overpayments for clarification and recalculation because the dates in the order were unclear and in conflict).

2.      Additionally, we remand the issue of attorney's fees as well as investigator and expert fees because the outcome of the potential alimony modification may impact the family court's award of attorney's fees. *See Roof v. Steele*, 396 S.C. 373, 390, 720 S.E.2d 910, 919 (Ct. App. 2011) ("Because we have remanded the issue of modification of alimony to the family court, we remand the issue of attorney's fees as well. The outcome of the alimony modification may impact the family court's award of attorney's fees.").

**REVERSED AND REMANDED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**